IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-11-0398 |
| EVAN FOREMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Evan Foreman's Motion for Compassionate Release. (ECF No. 347.) The Court will deny the Motion.

**I. Background**

   **A. Factual Background**

In September 2012, Evan Foreman pleaded guilty to Counts One and Eleven of the Third Superseding Indictment, which charged Hobbs Act conspiracy in violation of 18 U.S.C. § 1951 and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).[1] (ECF No. 152 at 1.) As is relevant for purposes of the pending Motion, the Court found that Foreman was a career offender (an issue that was disputed by the parties). (*See* ECF No. 212 at 22.) Given his career offender status, his guidelines range for Count One was 168 to 210 months. (*Id.* at 193.) Had he not been designated a career offender, his guidelines range for Count One would have been 97 to 121. (*See id.* at 197.) The Court concluded that a 294-month sentence— 210 months on Count One and 84 months on Count Eleven—was the sentence that was sufficient

---

[1] The predicate offense for Count Eleven was Hobbs Act robbery, as charged in Count Ten of the Third Superseding Indictment. (ECF No. 152 at 2.)

but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). (*Id.* at 205–06.) In so concluding, the Court also explained that:

> [E]ven if the guidelines in this case were to be computed differently, i.e., even if the guidelines were to compute in such a way as to cause the defendant to not be considered a career offender, and therefore the guideline range to be substantially lower than that which I have found to be applicable here, I would nonetheless impose a sentence, a total sentence, of 294 months -- that is, 210 months on Count 1 and 84 months on Count 11 -- under my authority to do so under Title 18 of the United States Code Section 3553(a).

(*Id.* at 206.)

### B. Prior Motions for Compassionate Release

The Court denied Foreman's first Motion for Compassionate Release (ECF No. 289) in January 2021. (ECF No. 324.)[2] The Court explained that "the combination of Foreman's vulnerability to COVID-19 and the conditions of incarceration at FCI Loretto constitute extraordinary and compelling reasons for judicial relief." (*Id.* at 4.) However, the Court found that the § 3553(a) factors did not warrant his release, explaining that "the length of Foreman's incarceration to date, relative to the seriousness of his offenses, weighs against a reduction of his sentence." (*Id.*) The Court also explained that it had recently denied the motion for compassionate release filed by Foreman's co-defendant, and that granting Foreman's Motion would cause an unwarranted sentencing disparity between the two. (*Id.* at 5.)

The Court denied Foreman's second Motion for Compassionate Release (ECF No. 325) in August 2021. (ECF No. 337.)[3] Foreman raised arguments relating to the fact that he was no longer a career offender under current law. (*See generally* ECF No. 325.) The Government

---

[2] This Memorandum and Order is sealed. The Court unseals those portions of the Memorandum and Order that it quotes herein.

[3] This Memorandum and Order is sealed. The Court unseals those portions of the Memorandum and Order that it quotes herein.

conceded that he would no longer be a career offender (as Hobbs Act robbery is no longer considered a career offender predicate). (*See* ECF No. 333 at 4.) The Court denied this Motion as well, explaining that the § 3553(a) factors did not justify his release, and that he had served only approximately half of his sentence for the serious crimes he committed. (ECF No. 337.)

The Court construed other filings as Foreman's third Motion for Compassionate Release in September 2021, and likewise denied the Motion. (ECF No. 342.)[4] The Court explained that the § 3553(a) factors did not favor his release and that the fact that Foreman would no longer be a career offender if sentenced today was insufficient to change the weight of the § 3553(a) factors, and that the sentence the Court had initially imposed was not driven by his career offender status. (*Id.*) The Court also found that Foreman's rehabilitation in prison did not merit his release. (*Id.*)

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and quotations omitted).

The Court must also consider whether the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). When the Fourth Circuit decided *McCoy*, there were no applicable policy statements, and therefore district courts could consider any extraordinary and compelling reason that a defendant might raise. *See United*

---

[4] This Memorandum and Order is sealed. The Court unseals those portions of the Memorandum and Order that it quotes herein.

States v. Brown, Crim. No. JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023). In November 2023, newly amended Sentencing Guidelines went into effect, which address detainee-filed compassionate release motions. *Id.* The new Guidelines include a catchall provision that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *Id.* Thus, the Court continues to consider any extraordinary and compelling reasons that a defendant raises.

### III. Instant Motion for Compassionate Release

In support of his instant Motion, Foreman points to the risk imposed by COVID-19 and the fact that he no longer qualifies as a career offender. (ECF No. 347.) He contends that the § 3553(a) factors weigh in favor of his release, given his rehabilitation in prison and his low risk of recidivism, and that the goals of deterrence and respect for the law have been met. (*Id.*) The Government opposes Foreman's Motion. (ECF No. 352.) The Court will deny the Motion.

#### A. Extraordinary and Compelling Reasons

With respect to Foreman's arguments relating to COVID-19, although the Court previously found—at an earlier time in the COVID-19 pandemic—that Foreman's medical conditions presented extraordinary and compelling reasons justifying his release, the Court concludes today that those conditions no longer do so, given the availability of vaccines and effective treatments.

With respect to his arguments relating to his designation as a career offender, this change in the law can constitute an extraordinary and compelling reason meriting release. *See United States v. Elzey*, Crim. No. JKB-09-0288, 2022 WL 316717, at *3 (D. Md. Feb. 2, 2022) ("The Court agrees that a change in career offender status, and a consequent change in the appropriate Guidelines sentencing range, can qualify as an extraordinary and compelling reason warranting compassionate release" but explaining that "the finding of extraordinary and compelling reasons,

as always, remains the product of an individualized assessment of each defendant's sentence including full consideration of the defendants' individual circumstances." (citation, quotations and alterations omitted)). As discussed above, the Court explained at sentencing that Foreman's career offender status did not drive his sentence. However, for purposes of this Memorandum and Order, the Court concludes that Foreman's change in career offender status qualifies as an extraordinary and compelling reason.

### B. Section 3553(a) Factors

However, the Court finds that the § 3553(a) factors do not weigh in favor of a reduced sentence. The Court recognizes that the Defendant's Bureau of Prisons records reflect that he has made great strides while incarcerated and reflect that he had only one non-violent infraction, in 2017. (ECF No. 302-3.) The Court commends Foreman's strides while incarcerated, including the numerous classes and programs he has taken, and earning his GED. (ECF No. 347-1.) The Court also recognizes Foreman's low Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score. (ECF No. 347-2.)

However, the Court finds that Foreman's current sentence is still the sentence that is sufficient but not greater than necessary in consideration of the § 3553(a) factors, in particular the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the need for general deterrence. The Court discussed these factors at sentencing, and the Court continues to find that the reasons provided by the Court at that time continue to hold true today.

With respect to the nature, circumstances, and seriousness of the offense, the crimes were extremely violent. As Court explained at sentencing, "short of murdering somebody, these crimes are about as serious a crime as can be committed." (ECF No. 212 at 204.) The Court concluded

that Foreman's actions amounted to "urban terrorism" and that he "put[] [people] in extreme fear that they are going to lose their lives." (*Id.*) The Court also pointed to Foreman's "use[] [of] firearms on a regular basis to accomplish the[] robberies." (*Id.*) These considerations remain true today and continue to support the current sentence. The Court also finds that the need to promote respect for the law, to provide just punishment, and for general deterrence also weigh in favor of leaving the current sentence in place.

Further, the Court explained that the sentence it imposed would be justified regardless of Foreman's career offender status as a variant sentence, which would be appropriate because of the "depravity displayed by the defendant in the commission of the various robberies that are before the Court." (ECF No 212 at 206.) The Court pointed to the "reference to the shooting with a shotgun at close range" of one of the victims and "the robbery that was displayed on the video where the defendant and his cohort [] placed the victims in such extreme fear and such extreme terror. And they do it in a calm and cold and seemingly professional manner, even to the point of effectively towing the woman around the business establishment by her hair." (*Id.* at 206–07.)

### IV. Conclusion

Accordingly, for the foregoing reasons, Foreman's Motion for Compassionate Release (ECF No. 347) is DENIED.

DATED this *18* day of March, 2024.

BY THE COURT:

James K. Bredar
Chief Judge