IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. JKB-11-0398 |
| EVAN FOREMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Before the Court is Defendant Evan Foreman's *pro se* motion for compassionate release. (ECF No. 379.) In it, he seeks reconsideration of four earlier decisions denying the same relief. (*See id.* at 2; *see generally* ECF Nos. 324, 337, 342, 367.) The Government has not responded, the time for doing so has elapsed, and no hearing is required. *See* Local Rules 105.2, 105.6 (D. Md. 2025). The motion will be denied.

### I.   BACKGROUND

#### A.   Conviction & Sentence

Foreman pled guilty in September 2012 to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). *See* (ECF No. 367), *reproduced as United States v. Foreman*, Crim. No. JKB-11-0398, 2024 WL 1156619, at *1 (D. Md. Mar. 18, 2024) (citing ECF No. 152 at 1). At sentencing, the Court found that Foreman was a career offender, which increased his sentencing guidelines range on the Hobbs Act conviction to 168 to 210 months (up from 97 to 121 months). *Id.* (citing ECF No. 212 at 22, 193, 197). He received a term of 294 months—210 for the Hobbs Act offense and 84 for the gun offense. *Id.* (citing ECF No. 212 at 205–06).

In its consideration of the sentencing factors of 18 U.S.C. § 3553(a), the Court noted

Foreman's "frankly disturbing" "inclination to commit violence and to commit criminal acts." (ECF No. 212 at 202.) It referred, among other things, to a video played at the hearing that "clearly" depicted Foreman and another "executing [a] robbery with great violence, with threatening gestures, waving firearms." (*Id.* at 203.) It described one of the victims as having "absolute and complete fear on her face as she [was] pulled around [a] commercial establishment by her hair, first in one direction, then in another, then back behind the counter." (*Id.*) It emphasized Foreman's repeated use of firearms, including a shotgun. (*Id.* at 203–04.) It stated that, "short of murdering somebody, [his] crimes [we]re about as serious a crime as can be committed." (*Id.* at 204.) It described his conduct as "urban terrorism" because of the way it "put[] [people] in extreme fear that they [we]re going to lose their lives." (*Id.*) It emphasized the need for both specific and general deterrence, expressing its hope that "a lengthy term of incarceration" would accomplish those goals. (*Id.*) And it found that Foreman's "pattern of criminality over time . . . demonstrates that he is a serious, profound threat to the public's safety and well-being." (*Id.*)

Because the parties disputed whether (and to what counts) the career-offender enhancement applied, the Court explained that, even if it had not found Foreman to be a career offender, it would have exercised its discretion under 18 U.S.C. § 3553(a) to impose 294 months as a variant sentence. (ECF No. 212 at 205–06.) As it put it at the time,

> what would justify such a variant sentence so substantially above the sentence that would otherwise be advised . . . is the depravity displayed by the defendant in the commission of the various robberies that are before the Court. With specific reference to the shooting with a shotgun at close range of the so-called Mexican construction worker. And then, secondly, the robbery that was displayed on the video where the defendant and his cohort . . . placed the victims in such extreme fear and such extreme terror. And they do it in a calm and cold and seemingly professional manner, even to the point of effectively towing the woman around the business establishment by her hair. This[,] in this Court's judgment[,] would justify the sentence . . . of 294 months under [§] 3553, regardless of what the guidelines

2

called for.

(*Id.* at 206–07.)

### B. Motions for Compassionate Release

This is the fifth time Foreman has sought a sentence reduction. The Court denied each of his prior requests on the ground that a reduction would not be consistent with the sentencing factors of 18 U.S.C. § 3553(a). *Foreman*, 2024 WL 1156619, at *1–3. It emphasized, among other things, that Foreman's career-offender status did not drive the sentence he received. *Id.* at *3. It pointed to the amount of his sentence that remains unserved. *See id.* at *1. It highlighted the severity of the offenses he committed. *See id.* at *1, 3. And it explained that his rehabilitation and educational attainments, while commendable, do not override the other considerations. *See id.* at *3.

Foreman has now served about fourteen years of a twenty-four-and-a-half–year sentence. (*See* ECF No. 186 at 2.) That is three years more than he had served as of his last motion. (*See* ECF No. 347 (filed May 2022).) He is scheduled to be released in May 2032. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 12, 2025).

In his pending motion, Foreman contends the time he has served, "coupled with his demonstrated rehabilitation and solid release plan," show that "further incarceration serves little penological purpose." (ECF No. 379 at 2.) He asks the Court to impose a sentence in line with the current guidelines—*i.e.*, without applying a career-offender enhancement to his sentence—and maintains that, had he been sentenced today, "his sentence would have been substantially less." (*Id.* at 4–5; *see generally Foreman*, 2024 WL 1156619, at *1 ("The Government conceded that he would no longer be a career offender (as Hobbs Act robbery is no longer considered a career offender predicate).").) He points to the "over 40" classes and programs he has completed while incarcerated. (*Id.* at 6.) He notes his age (47) and his "great family ties to his children and

3

grandchildren." (*Id.*) He insists he has "endured particularly harsh conditions during his incarceration, further exacerbated by the COVID-19 pandemic," which he argues led to "42 months under punitive lockdowns, severely limited access to resources, and exacerbat[ed] health challenges." (*Id.*) And he says he poses a "minim[al] risk of reoffending or threatening the community," explaining that "[h]e has not committed any violent acts during his incarceration" and that "his active participation in prison programs, aimed at positive change[,] shows and expresses his readiness to reintegrate into society as a productive member." (*Id.* at 7.) These developments, he argues, constitute "extraordinary and compelling reasons" for early release consistent with the § 3553(a) factors. (*Id.* at 8.)

## II. LEGAL STANDARD

Congress has authorized the district courts to revisit and modify their earlier sentences in only limited circumstances. *See* 18 U.S.C. § 3582(c). One of these circumstances—the only one Foreman invokes—arises when "extraordinary and compelling reasons warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Requests of this type, along with others brought under § 3582(c)(1)(A), are known as motions for compassionate release. *See, e.g., United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021).

Compassionate release is a "rare" remedy. *United States v. Gallagher*, Civ. No. ELH-19-0479, 2022 WL 17833432, at *6 (D. Md. Dec. 21, 2022). Several requirements must be satisfied before a court can grant such relief.

First, if the movant is the defendant, as opposed to the Director of the Bureau of Prisons, the movant must have exhausted his administrative remedies prior to suing in federal court. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant meets this requirement when either (1) he has "exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his]

4

behalf" or (2) upon receiving the defendant's request for such a motion, the warden takes no action for at least thirty days. *See id.*

Second, for compassionate release based on "extraordinary and compelling reasons," the movant must show that "extraordinary and compelling reasons" do, in fact, exist. 18 U.S.C. § 3582(c)(1)(A)(i).

Third, the movant must show that a reduction is consistent with any applicable policy statements from the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). For compassionate release based on "extraordinary and compelling" reasons, this third element blends with the second, as the Commission is required to issue policy statements "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See* 28 U.S.C. § 994(t). The Commission recognizes "extraordinary and compelling reasons" based on (1) a defendant's medical situation, (2) his age, (3) his family circumstances, (4) sexual or physical abuse he experienced while incarcerated, (5) "other reasons" that are "similar in gravity" to the foregoing, and (6) a defendant's "unusually long sentence," relative to a more recent change in law. *See* U.S.S.G. § 1B1.13(b)(1)–(6). The fifth ground is a "catchall" provision that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications." *United States v. Brown*, 706 F. Supp. 3d 516, 519 (D. Md. 2023); *see also United States v. Davis*, 99 F.4th 647, 658 (4th Cir. 2024) (explaining that "district courts c[an] consider any extraordinary and compelling reasons for release raised by a defendant").

Fourth, the movant must show that a reduction is consistent with a renewed assessment of the 18 U.S.C. § 3553(a) sentencing factors. *See* 18 U.S.C. §§ 3553(a), 3582(c). These factors include "the nature and circumstances of the offense and the history and characteristics of the

defendant," *id.* § 3553(a)(1); the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, *id.* § 3553(a)(2)(A); the need to deter future criminal conduct, *id.* § 3553(a)(2)(B); the need to protect the public, *id.* § 3553(a)(2)(C); the need to provide the defendant with effective training, treatment, or other rehabilitative measures, *id.* § 3553(a)(2)(D); the kinds of available sentences, and the Sentencing Guidelines' policy statements and recommendations regarding the same, *id.* § 3553(a)(3)–(5); the avoidance of sentencing disparities across like conduct and defendants, *id.* § 3553(a)(6); and the need to provide restitution to any victims, *id.* § 3553(a)(7).

### III.   ANALYSIS

As before, the Court assumes without deciding that Foreman has shown "extraordinary and compelling reasons" for release through some combination of his rehabilitation and the change in his career-offender status. *See Foreman*, 2024 WL 1156619, at *2. For purposes of this decision only, it also assumes Foreman administratively exhausted his remedies, despite a lack of evidence on that point.

The Court nevertheless concludes that 294 months remains the sentence sufficient but no greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a). *See Foreman*, 2024 WL 1156619, at *3. Foreman's sentence was driven almost entirely by the violence of his offenses. His crimes were not just "serious"; they were "grievous." (ECF No. 212 at 204.) The 294-month sentence he received—a sentence consistently affirmed and reaffirmed by this Court, (*see* ECF Nos. 324, 337, 342, 367), and by the U.S. Court of Appeals for the Fourth Circuit, (*see* ECF Nos. 216, 373-2)—was crafted to reflect this reality.

The Court does not ignore Foreman's rehabilitative efforts. He has embraced prison programming. (*See* ECF No. 379-2 at 1–3.) He rates a low risk of recidivating. (*See id.* at 4–5.)

His record shows a single, nonviolent incident report over the past ten years. (*See id.* at 4.) He claims to have strong family ties and a "solid release plan." (*See* ECF No. 379 at 2, 6–7; *see also* ECF No. 289-2 at 1.) These circumstances—and Foreman's role in fostering them—are encouraging, and they weigh positively in the § 3553(a) analysis.

But the § 3553(a) factors consider more than rehabilitation and specific deterrence. They consider, *inter alia*, whether a sentence reflects community disapproval of the individual's conduct and discourages other would-be offenders. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(B); *cf. id.* § 994(t) ("Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason.").

For that reason, on balance, § 3553(a) disfavors Foreman's early release. In particular, the Court disagrees that fourteen years served "accurately reflects the seriousness of the offense" and that Foreman serving out the remainder of his term would "warehouse" him with "no penological purpose." (ECF No. 379 at 8.) Foreman's acts were heinous. They were brutal. Regardless of his personal and ethical growth, the time he has served to date is inconsistent with the need for his sentence to capture the gravity of his conduct, *see* 18 U.S.C. § 3553(a)(1), (2)(A); to promote respect for the law, by him and by others, *id.* § 3553(a)(2)(A); to provide just punishment,[1] *id.*;

---

[1] Contrary to Foreman's suggestion, the COVID-19 pandemic does not tip the scales on the issue of punitiveness. (*See* ECF No. 379 at 6.) As the Court recently explained,

> being incarcerated during the COVID-19 crisis, particularly its early days, was a fraught and hazardous experience. Other judges have rightly acknowledged that "the actual severity of [a] sentence as a result of the COVID-19 outbreak [can] exceed[] what the Court anticipated at the time of sentencing." *United States v. Mel*, Crim. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020). But simply being incarcerated during the COVID-19 pandemic—absent aggravating factors like acute health problems, a particularly severe outbreak in one's facility, and other circumstances unrelated to the virus—is not so inherently punitive that it merits early release . . . .

*United States v. Richardson*, Crim. No. JKB-09-0288, 2025 WL 2173452, at *5 (D. Md. July 31, 2025). While Foreman has in the past pointed to health issues as grounds for early release, (*see, e.g.*, ECF No. 289 at 9–10), he did not—and does not now—contend his ailments were not under control, such that they made his experience meaningfully worse than the experiences of others incarcerated during the coronavirus pandemic. His sentence has not gone beyond what is necessary to provide just punishment for his offense. *See* 18 U.S.C. § 3553(a)(2)(A).

7

and to afford adequate general deterrence, *see id.* § 3553(a)(2)(B). His 294-month sentence will remain unchanged.

IV. **CONCLUSION**

Consistent with the foregoing, it is ORDERED that:

1. Foreman's motion for compassionate release, (ECF No. 379), is DENIED.

2. The Clerk is DIRECTED to mail to Foreman a copy of this decision.

DATED this 19 day of August, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge